Creditors like Mr. Bernier have a legal right to such complete and accurate financial disclosures and are sufficiently harmed by a debtor's failure to do so. Such rights and the remedies afforded by § 727(a)(3) and (4) give rise to their standing to seek the denial of a discharge under these provisions. See DenBeste v. Power(In re DenBeste) , Nos. NC-12-1087-HPaMk, NC-12-1180-HPaMk, 2012 WL 5416513, at *5 (9th Cir. BAP 2012) ; Lussier v. Sullivan (In re Sullivan) , 455 B.R. 829, 835-36 (1st Cir. BAP 2011).
This brings us to Ms. Hang's remaining arguments of mootness and lack of ripeness.
B. Mootness
"The Supreme Court has described mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness).' " D.H.L. Assocs., Inc. v. O'Gorman , 199 F.3d 50, 54 (1st Cir. 1999) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ). Mootness applies when a case no longer satisfies Article III's case-or-controversy requirement. Rosenfeld v. Rosenfeld (In re Rosenfeld) , 535 B.R. 186, 190 (Bankr. E.D. Mich. 2015). To satisfy this continuing standing requirement, "the dispute between the parties must be 'actual' and 'ongoing' " because "[f]ederal courts have no power to decide questions that cannot affect the rights of *247 litigants in the case before them." Mapley v. Mapley (In re Mapley) , 437 B.R. 225, 227 (Bankr. E.D. Mich. 2010) (quoting Day v. Klingler(In re Klingler) , 301 B.R. 519, 523-24 (Bankr. N.D. Ill. 2003) ). As Klingler more fully explained:
When the controversy ceases to be actual or ongoing-when the issues presented are no longer live, or the parties lack a legally cognizable interest in the outcome, it is moot ....
A controversy ceases to exist, and the claim in question becomes moot, if events outrun the controversy so that the court can grant no meaningful relief. In particular, a claim is moot when the court can grant no effective relief because the plaintiff has already received all the relief he could.
Klingler , 301 B.R. at 523-24 (internal quotations and citations omitted).
Mootness challenges have been successfully lodged in nondischargeability actions brought under § 523(a) where a debtor has been permanently denied a discharge under § 727(a). Under those circumstances, courts have concluded that § 523(a) determinations are "meaningful only in the context of a discharge" and are moot when a debtor is ineligible for a general discharge under § 727(a). Perotti v. Perotti(In re Perotti) , Adversary No. 1-07-ap-00144, 2008 WL 5158543, at *10 (Bankr. M.D. Pa., Aug. 27, 2008) ; see also Ammini v. Labgold (In re Labgold) , 532 B.R. 276, 280 (Bankr. E.D. Va. 2015) (stating it is "almost universally agreed" that when a debtor is denied a discharge any action under the § 523(a) discharge exceptions for a particular debt becomes moot); Siu v. Martinez(In re Martinez) , 500 B.R. 608, 635 (Bankr. N.D. Cal. 2013) (holding denial of discharge rendered § 523 nondischargeability claims moot); Ng v. Adler (In re Adler) , 494 B.R. 43, 56 (Bankr. E.D.N.Y. 2013) (same); Kiel v. U.S. Dept. of Health & Human Servs.(In re Von Kiel) , 473 B.R. 78, 88 (Bankr. E.D. Pa. 2012) (same).
In the reverse situation, courts also have held actions for denial of discharge under § 727(a) moot where the moving creditor's claim is already excepted from discharge under one of the § 523(a) nondischargeability provisions. See In re Rosenfeld , 535 B.R. at 191 (concluding the court lacked subject matter jurisdiction over plaintiff's § 727(a) action where any debt owed the plaintiff was already nondischargeable under § 523(a)(15) ); Mapley, 437 B.R. at 228-30 (dismissing as moot the § 727(a) proceeding brought by the debtor's ex-wife because any debts owed to her by the debtor were nondischargeable under either § 523(a)(5) or 523(a)(15) and, therefore, the relief she sought under § 727(a)"would give her nothing she does not already have").
Neither of these situations is presented here; Mr. Bernier seeks to deny Ms. Hang a discharge solely under § 727(a)(3) and (4) and has not asserted the nondischargeability of his claim under § 523(a). The parties have not cited to specific case law addressing whether a debtor's ineligibility under § 727(a)(8) moots an action brought under § 727(a)(2) through (7), and the Court was unable to find any cases directly on point. Still, given the important distinctions between the purposes of these subsections, their underlying legislative goals, and the consequences of such discharge denials under §§ 727(a)(3) and (4) and 523(a)(10), the Court easily concludes that Mr. Bernier's claims are not moot. Ms. Hang's characterization of the relief sought under § 727(a)(3) or (4) as simply whether a discharge is entered or denied is far too constricted; it disregards § 523(a)(10)'s permanent sanctions for the blameworthy conduct in or in connection with a particular *248 case that is the focus of these § 727(a) subsections. See In re Filice , 580 B.R. at 263. In short, adjudication of this proceeding on the merits will enable Mr. Bernier, should he be successful, to pursue his rights as a creditor irrespective of whether Ms. Hang files a subsequent case. Mr. Bernier has, therefore, demonstrated a legally cognizable interest in the outcome of this proceeding and this Court can afford him meaningful relief (if he proves his claims) by denying Ms. Hang a discharge under § 727(a)(3) or (4).
C. Ripeness
Similar to standing, the ripeness doctrine is "mandated by the constitutional requirement that federal jurisdiction extends only to actual cases or controversies." Ernst & Young v. Depositors Econ. Prot. Corp. , 45 F.3d 530, 535 (1st Cir. 1995) (citing U.S. Const. art. III, § 2). The doctrine also encompasses "prudential considerations of judicial restraint from unnecessary or premature decision of constitutional questions." In re Cushman , 2017 WL 818254, at *3 (citing Sindicato Puertorriqueno de Trabajadores v. Fortuno , 699 F.3d 1, 8-9 (1st Cir. 2012) ). Just as the standing doctrine "seeks to keep federal courts out of disputes involving conjectural or hypothetical injuries, the Supreme Court has reinforced that the ripeness doctrine seeks to prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " Reddy v. Foster , 845 F.3d 493, 500 (1st Cir. 2017) (quoting Texas v. United States , 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) ). "[T]he facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of" the relief sought. Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey , 844 F.3d 318, 326 (1st Cir. 2016) (internal quotations and citations omitted).
Whether a proceeding is ripe for judicial review is an aspect of subject matter jurisdiction that may be challenged by a Rule 12(b)(1) motion to dismiss. In re Cushman , 2017 WL 818254, at *1. The plaintiff must prove sufficient facts to establish ripeness. Id. (citing Healey , 844 F.3d at 326 ). In considering the ripeness of a dispute, courts "evaluate both the fitness of the issues for judicial decision and the hardship to the parties by withholding court consideration." Id. at *3 (citations omitted). The fitness prong concerns the timing of the request for relief and "typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." Ernst & Young, 45 F.3d at 535 ; see also In re Cushman, 2017 WL 818254, at *4 (finding fitness prong satisfied where the propriety of the defendant's conduct would not be placed "in sharper focus" by events that had not yet occurred or may never occur).
The hardship prong "focuses on the hardship that may be entailed in denying judicial review." Ernst & Young, 45 F.3d at 536. It "involves a prudential analysis of the utility of judicial review." In re Cushman , 2017 WL 818254, at *4. "The ultimate question is whether granting relief would serve a useful purpose, or, put another way, whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest." Id. at 5. (internal quotations and citation omitted). The First Circuit has stated that "although both prongs of the test must be satisfied, 'a strong showing on one may compensate for a weak one on the *249 other.' " Id. at *4 (quoting McInnis-Misenor v. Me. Med. Ctr. , 319 F.3d 63, 70 (1st Cir. 2003) ).
Ms. Hang's ripeness challenge fails because it erroneously assumes that Mr. Bernier will only sustain an injury and suffer a hardship if she files a future bankruptcy case and his debt is discharged. Mr. Bernier's alleged injury, the propriety of Ms. Hang's alleged conduct, and the hardship Mr. Bernier would sustain in the absence of this Court's adjudication of this adversary proceeding are not contingent on whether Ms. Hang files a subsequent bankruptcy case.
i. Fitness Prong Applied
The events leading to Ms. Hang's alleged liability under § 727(a)(3) and (4) have already occurred. The allegations in the Complaint relate to her alleged misconduct in connection with the present case-the failure to maintain appropriate business records of her pre-petition business and the knowing failure to disclose material information about her assets, income, and financial affairs. If proven, such behavior contravenes Mr. Bernier's legal rights as a creditor to such information, and the impairment of his rights qualifies as the requisite injury for purposes of standing and ripeness. See Lujan , 504 U.S. at 578, 112 S.Ct. 2130. Already having occurred, the events leading to Ms. Hang's alleged liability under § 727(a)(3) or (4) and Mr. Bernier's resulting injury "will not be placed in sharper focus by events that have not yet occurred[.]" In re Cushman , 2017 WL 818254, at *4.
ii. Hardship Prong Applied
The nature of the relief sought-denial of discharge under § 727(a)(3) and (4), rendering Mr. Bernier's claim permanently nondischargeable under § 523(a)(10) -underscores the hardship he would sustain if denied review by this Court. Although Mr. Bernier's claims (as well as those of all the other creditors) would soon be vulnerable to discharge in another bankruptcy case Ms. Hang could file as soon as the present one is closed, this by itself does not satisfy the hardship prong for ripeness. Rather, what does satisfy this prong is the forfeiture of Mr. Bernier's right to seek a denial of Ms. Hang's discharge under § 727(a)(3) and (4) for her alleged misconduct in or in connection with the present case, leading to § 523(a)(10)'s permanent exception to the discharge of his claim. His loss of this relief would occur whether or not Ms. Hang files a future bankruptcy case. The allegations supporting these claims are unique to this case and cannot be reasserted in a subsequent case as grounds for discharge denial. In the end, denying review of his claims in this proceeding would deprive Mr. Bernier of his right to seek redress for Mr. Hang's alleged conduct in this case and to obtain the automatic, permanent nondischargeability of his claims under § 523(a)(10).
Lastly, the Court would be remiss if it overlooked the important public policy issues at stake here. Were the Court to accept Ms. Hang's position and dismiss this proceeding, she would escape the severe consequences of her alleged wrongdoing exclusive to this case. Allowing § 727(a)(8)'s temporary discharge denial to be used as both a sword and a shield thwarts the clear purposes and legislative objectives of §§ 727(a)(3) and (4) and 523(a)(10).
VII. Conclusion
Granting the motion to dismiss this adversary proceeding simply because of the temporal limits of § 727(a)(8) would unfairly deprive Mr. Bernier of his present right to obtain redress for Ms. Hang's alleged abusive behavior in connection with this case and the automatic, permanent nondischargeability *250 of his claims against her. Such an outcome would trample the vitally important public policies encompassed in § 727(a)(3) and (4), effectuated through § 523(a)(10).
The motion to dismiss is DENIED.